# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| | ) | Case No. 1:13CR00010-015 |
| | ) | |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| **MARGARET JEWETTE CORDLE,** | ) | JUDGE JAMES P. JONES |
| | ) | |
| Defendant. | ) | |

*Lena L. Busscher, Assistant United States Attorney, Abingdon, Virginia, for United States; Andrea L. Harris, Assistant Federal Public Defender, Charlottesville, Virginia, for Defendant.*[1]

The defendant seeks a reduction of her prison sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). The government opposes any reduction. The motion has been fully briefed and is ripe for determination.

The defendant was originally convicted by this court in 2013 pursuant to her guilty plea of conspiring to pass fictitious checks in violation of 18 U.S.C. §§ 371 and 514(a)(2), as well as one count of passing fictitious checks in violation of § 514(a)(2). In her written plea agreement, the defendant acknowledged that she had been a manager of the large criminal conspiracy. By judgment entered on October 22, 2013, she was sentenced at the low end of her applicable guideline range to 10 months' incarceration, to be followed by three of years of supervised release. She was also ordered to pay

---

[1] The defendant was assisted by Jaime Miller, a third-year law student with the Federal Sentence Reduction Clinic of the University of Virginia Law School. The court appreciates this assistance.

$11,215 in restitution. J., ECF No. 1596.

On October 2, 2015, following service of her term of imprisonment, the defendant was charged with violating the terms of her supervised release, based on her indictment in state court for distributing controlled substances and maintaining a residence where controlled substances were distributed. On May 19, 2016, her release was revoked, and she was sentence to 18 months' imprisonment, to be followed by four years of supervision. J., ECF No. 2134. The defendant served that prison sentence and was placed on supervision. On June 16, 2021, she was again charged with violating the terms of her supervision, based on state charges of possession of methamphetamine and drug paraphernalia resulting from a traffic stop. The defendant did not contest the violations and was sentenced on September 22, 2021, to 36 months' incarceration, with no supervision to follow. J., ECF No. 2308. She is presently confined at Hazelton FCI, a secure female facility in West Virginia, and her projected release date is February 28, 2024. Fed. Bureau of Prisons, https://www.*bop.gov/inmateloc/* (last visited July 24, 2023). While she could have been released on home confinement in November of 2022, she was ineligible because of a pending state detainer.

The governing statute provides that a sentence may be reduced if "extraordinary and compelling reasons warrant such a reduction" and the reduction "is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). The Sentencing Commission has not yet issued any applicable policy statements after the statute was amended by the First

Step Act in 2018. The Fourth Circuit held in *United States v. McCoy*, 981 F.3d 271 (4th Cir. 2020), that when deciding a compassionate release motion, a district court may consider any extraordinary and compelling reason shown by the defendant. *Id.* at 284, 286. Even finding that the movant's circumstances could be deemed extraordinary and compelling, the court must also consider the applicable 18 U.S. C. § 3553(a) factors. *United States v. Kibble*, 992 F.3d 326, 331 (4th Cir. 2021). Those factors include the nature and circumstances of the offense; the history and characteristics of the defendant; the need to avoid unwarranted sentence disparities; and the need for the sentence to provide just punishment, afford adequate deterrence, protect the public, and provide the defendant with effective correctional treatment. *United States v. High*, 997 F.3d 181, 186 (4th Cir. 2021) (citing § 3553(a)).

Ms. Cordle has a dismal record of law-abiding behavior and her 36 months' sentence was entirely appropriate. Nevertheless, because of her current health conditions, adequately set forth in the materials before the court, I find that she has shown an extraordinary and compelling reason for reduction of her sentence, even considering the § 3553(a) factors.

Accordingly, it is **ORDERED** as follows:

1. The Motion for Sentence Reduction, ECF No. 2329, is GRANTED;
2. The sentence of imprisonment imposed on Margaret Jewette Cordle by judgment entered September 22, 2021, is REDUCED to TIME SERVED as to each count to run concurrently; and

3. The Clerk shall provide a copy of this Opinion and Order to the United States Probation Office.

ENTER: July 24, 2023

/s/ JAMES P. JONES
Senior United States District Judge